**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR ANDRACA-ROMERO,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.  18-70928<br><br>Agency No. A070-168-295<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2019[**]
Pasadena, California

Before:  M. SMITH and FRIEDLAND, Circuit Judges, and AMON,[***] District
Judge.

Petitioner Victor Andraca-Romero is a Mexican national who seeks review

of a final order issued by the Board of Immigration Appeals ("BIA") upholding the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Carol Bagley Amon, United States District Judge for
the Eastern District of New York, sitting by designation.

denial of his application for withholding of removal. We deny his petition for review.

We review the BIA's decisions regarding eligibility for withholding of removal under the substantial evidence standard. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Applying this highly deferential standard of review, "we may reverse only if the evidence in the record compels a contrary result." *Parussimova v. Mukasey*, 555 F.3d 734, 738 (9th Cir. 2009). We review *de novo* claims that a petitioner's due process rights were violated. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). A decision should be reversed on due process grounds only if the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Id.* (citation omitted).

Here, the record does not compel us to conclude that the agency erred in denying Andraca-Romero's application for withholding of removal. Substantial evidence supports the conclusions of both the immigration judge ("IJ") and the BIA that Andraca-Romero was not targeted by the cartel in the past because of his or his mother's political activities, but rather because they wanted money from him, which is not a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that noncitizen's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Substantial evidence therefore supports the conclusion

that he has not established a clear probability of past or future persecution based on a protected ground.

Although Andraca-Romero separately argued his family-based particular social group claim before the IJ, he did not raise it in his appeal to the BIA. This claim is therefore unexhausted. *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) ("The petitioner's failure to raise an issue to the BIA constitutes a failure to exhaust, depriving this court of jurisdiction."). We accordingly decline to reach Andraca-Romero's challenge to the BIA's decision in *In re L-E-A*, 27 I. & N. Dec. 40 (BIA 2017), which set the standard for persecution claims based on family ties. To the extent that Andraca-Romero's claims about his relationship to his mother were raised before the BIA, they were sufficiently considered and rejected.

Finally, we reject Andraca-Romero's argument that his due process rights were violated because the IJ and BIA failed to consider evidence of the murders of two family members and because the IJ may have mistakenly referred to the cartel by the name of a local cartel leader in its oral ruling. Neither of these alleged errors is sufficient to overcome the presumption that the agency considered all of the evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000). The record and decisions from the agency indicate that Andraca-Romero received a full and fair hearing. *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) ("When nothing in the record or the BIA's decision indicates a failure to consider

3

all the evidence, a general statement that [the agency] considered all the evidence before [it] may be sufficient." (alterations in original) (citation omitted)); *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) (explaining that the BIA "does not have to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation omitted)).

The petition for review is **DENIED.**